**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-10138

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

GARY ANTHONY COLE,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
(4:96-CV-823-A)

December 23, 1997

Before JOLLY, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

Gary Anthony Cole ("Cole") (federal prisoner #227-07-077) seeks a certificate of appealability (COA) from the district court's denial of motion to vacate, set aside or correct his sentence. 28 U.S.C. § 2255. We grant COA.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

## FACTS AND PRIOR PROCEEDINGS

Cole pleaded guilty to delaying interstate commerce, conspiring to do so, and using and carrying a firearm in relation to a crime of violence. The district court sentenced Cole to 295 months' imprisonment to be followed by four years' supervised release. Cole took no appeal and, consequently, the transcript of rearraignment and sentencing were not produced.

Proceeding *pro se*, Cole filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence, which the district court denied without a hearing. Cole appealed the denial of the motion. This court construed Cole's notice of appeal as a request for COA, *Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997); *see* Fed. R. App. P. 22(b), and remanded the case to the district court. The district court denied Cole a COA, finding that Cole had not raised any grounds upon which relief could be granted, nor had he made a substantial showing of the denial of a constitutional right. The case is now back before this court to determine whether Cole should be granted a COA and whether he is entitled to reversal on the merits.

## APPLICATION FOR COA

Section 102 of the AEDPA amends 28 U.S.C. § 2253 to provide:

> (c)(1)Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . .
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a

substantial showing of the denial of a constitutional right.

Prior to the AEDPA, no threshold showing was required to appeal the denial of a § 2255 motion. However, appeal from the denial of a § 2254 motion has long required a certificate of probable cause ("CPC"). *See* 28 U.S.C. § 2253 (pre-AEDPA). We have construed the AEDPA standard governing the issuance of a COA to require the same showing as that for obtaining a pre-AEDPA CPC. *Drinkard v. Johnson*, 97 F.3d 751, 756 (5th Cir. 1996), *overruled on other grounds*, *Lindh v. Murphy*, 117 S. Ct. 2059, 2063 (1997). Thus, Cole must raise constitutional issues and allege specific facts demonstrating that the issues he raises are "debatable among jurists of reason." *See Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983).

Cole's allegations satisfy this requirement. Cole alleges, *inter alia,* that he received ineffective assistance of counsel when he entered the plea agreement because his attorney did not raise the issue of competency prior to his guilty plea. The conviction of an incompetent defendant violates constitutional due process, *see Pate v. Robinson*, 383 U.S. 375, 378 (1966), and ineffective assistance of counsel violates the Sixth Amendment. *See Strickland v. Washington,* 466 U.S. 668 (1984). Thus, Cole clearly has alleged a violation of his constitutional rights.

To support his claims, Cole directs the court's attention to the presentence investigation report ("PSR") that sets out facts

3

relevant to his competency claim.  He had received two gun shot wounds in the head in a drive-by shooting.  One of the bullets was surgically removed, but one was left in his head.  The wound resulted in damage to the Broca's area of his brain, which impacts an individual's ability to produce language.  Moreover, Cole was borderline mentally retarded, with an IQ of 73, and was making his fourth attempt at ninth grade work when he dropped out of high school.  He was receiving counseling and medication for "depression and intermittent explosive disorder" as a condition of his previously imposed parole at the time of the plea hearing.  In addition to the information in the PSR, Cole contends that he was receiving Social Security disability payments on account of his mental disability and that his attorney "knew [he was on medication] and told [him] not to file nothing to the courts or say nothing to no one."  Finally, he asserts that the attorney who represented him at his plea hearing got state charges arising out of the same incident dismissed on the basis of incompetency.  These allegations are sufficient to support the issuance of a COA.

COA GRANTED.

DENIAL OF AN EVIDENTIARY HEARING

We agree with the district court that nearly all the grounds Cole alleged to support his ineffective assistance of counsel claim are clearly refuted by the record or are waived for failure to raise them on direct appeal.  Moreover, to the extent Cole raises additional issues for the first time on this appeal, we shall not

4

consider them. *See United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) (per curium). Thus, we address only Cole's claims that defense counsel rendered ineffective assistance by failing to raise the issue of his competency prior to his guilty plea and that conviction of an incompetent defendant violated due process. The sole issue Cole raises with respect to these claims is whether the district court erred by denying habeas relief without conducting an evidentiary hearing on his competence at the time of his guilty plea.

Examining Cole's allegations, the district court concluded that "nothing in the record or in the papers attached to the present motion raises a genuine issue as to petitioner's competency at the time of trial" and that "the allegations made by petitioner simply do not support a claim that he received ineffective assistance of counsel." As a result, it found "no need for a hearing on petitioner's motion." On the record before us, however, we cannot agree.

Habeas petitioners claiming incompetency bear a threshold burden of demonstrating facts that "positively, unequivocally and clearly generate a real, substantial and legitimate doubt" as to their mental capacity to "meaningfully participate and cooperate with counsel during trial." *Washington v. Johnson*, 90 F.2d 945, 950 (5th Cir. 1996). As noted above, Cole has alleged specific facts sufficient to raise a question concerning his competence at

the time he entered his guilty plea.  Although the district court suggests that the record does not support Cole's contentions, its factual basis for this conclusion is not clear.  For instance, Cole's responses to questioning at his rearraignment hearing might wholly contradict Cole's allegations of incompetence, but the record contains no transcript of this hearing.  Similarly, Cole alleges that he was found incompetent in state court proceedings, but the record contains no evidence of such proceedings.

In short, the present record is insufficient to support the district court's conclusion that a retrospective competency hearing was unnecessary.  This is not to say, however, that the district court on remand must conduct such a hearing.  *See United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990), *cert. denied*, 498 U.S. 1104 (1991).  It is possible, for example, that the issues can be developed adequately by examination of the transcript of the plea hearing, Social Security Administration and state court documents, or perhaps affidavits of Cole and his attorney.  *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).  We reverse and remand so that the district court can develop the record and, if necessary, hold an evidentiary hearing concerning Cole's competence and the related issue of ineffective counsel.

REVERSED AND REMANDED.